O            **PRIORITY SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   EDCV 10-505-VAP (DTBx)                         Date: April 5, 2010

Title:       GLORIA O. RIOS, SUCCESSOR TRUSTEE OF THE RIOS FAMILY TRUST DATED SEPTEMBER 17, 1990 -v- NATIONAL RETAIL PROPERTIES, INC., et al.

==============================================================

PRESENT:       HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

| Marva Dillard | None Present |
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
| None | None |

PROCEEDINGS:    MINUTE ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER (IN CHAMBERS)

     The Court has received and considered the <u>Ex Parte</u> Application for Temporary Restraining Order ("Application") filed Friday, April 2, 2010 by Plaintiff Gloria O. Rios ("Plaintiff"). Plaintiff seeks to prevent a foreclosure sale of commercial property located at 909 West Loop, Houston, Texas (the Texas Property). The Court DENIES the Application.

EDCV 10-505-VAP (DTBx)
GLORIA O. RIOS, etc. v NATIONAL RETAIL PROPERTIES, INC., et al.
MINUTE ORDER of April 5, 2010

## I. BACKGROUND

Plaintiff filed her Complaint on April 2, 2010, asserting claims against Defendants National Retail Properties, Inc. and NNN Acquisitions, Inc. ("Defendants")[1] for: (1) rescission; (2) aiding and abetting; (3) violations of California Business & Professions Code § 17200, et seq.; (4) money had and received; and (5) injunctive relief.[2]

Plaintiff alleges she was the owner of an apartment complex in Chula Vista, California, and that in 2008 real estate brokers approached her concerning a "1031 exchange" of the property two other properties, the Texas Property and a Connecticut property. This transaction required Plaintiff to obtain approximately four million dollars in financing, which was provided by the Defendants, who were also sellers of the Texas and Connecticut properties and purchasers of Plaintiff's apartment complex. Plaintiff alleges that Defendants knew or should have known that she would be unable to repay the loan they gave her or to refinance the loan, and thus defrauded her into accepting a loan they knew she would default on.

On March 15, 2010, counsel for Defendant National Retail Properties, Inc. informed Plaintiff that due to her default, it would conduct a foreclosure sale of the Texas Property on April 6, 2010. Plaintiff now applies ex parte for a temporary restraining order enjoining Defendants from proceeding with the sale.

## II. LEGAL STANDARD

The purpose of a temporary restraining order is to preserve the status quo and prevent irreparable harm until a hearing may be held on the propriety of a preliminary injunction. See Reno Air Racing Ass'n, Inc. v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006). The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. Lockheed Missile &

---

[1]It is unclear whether Plaintiff intends to assert claims against Marcus and Millichap Corporation, Chris Zorbas, and Chris Robinson, as these persons are listed as parties in the Complaint, but do not appear in the caption.

[2]Though styled as "causes of action," Plaintiff's first and fifth claims for relief are remedies, rather than independent bases for relief.

MINUTES FORM 11                                            Initials of Deputy Clerk: jh-relief
CIVIL -- GEN                      Page 2

EDCV 10-505-VAP (DTBx)
GLORIA O. RIOS, SUCCESSOR TRUSTEE OF THE RIOS FAMILY TRUST DATED SEPTEMBER 17, 1990 v NATIONAL RETAIL PROPERTIES, INC., et al.
MINUTE ORDER of April 5, 2010

Space Co., Inc. v. Hughes Aircraft Co., 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). "A plaintiff seeking a preliminary injunction must establish that [s]he is likely to succeed on the merits, that [s]he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [her] favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., __ U.S. __, 129 S.Ct. 365, 374 (2008). "A preliminary injunction is an extraordinary and drastic remedy . . .; it is never awarded as of right." Munaf v. Green, 553 U.S. __, 128 S.Ct. 2207, 2219 (2007) (citations omitted).[3]

### III. DISCUSSION

Plaintiff's Application fails for two principal reasons.[4] First, Plaintiff fails to show a likelihood of success on the merits. Plaintiff argues that she "makes a strong showing that the Purchase Contract and Loan Agreement were induced by fraud as part of a financial scheme with the Real Estate Brokers and should be rescinded." (App. at 8:14–16.) Plaintiff does not set forth the elements of a fraud claim, however, let alone explain why she is likely to be able to establish those elements. Accordingly, she fails to meet her burden of showing she is likely to succeed on a

---

[3] Plaintiff relies on the preliminary injunction standard set forth in Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839–40 (9th Cir. 2001). This standard, however, was rejected by the Supreme Court in Winter, and no longer governs applications for preliminary injunctions or temporary restraining orders.

[4] Additionally, it is unclear whether or not the Court has personal jurisdiction over Defendants. Plaintiff concedes that Defendants are incorporated and have their principal places of business in states other than California. (Compl. ¶¶ 3, 4.) Accordingly, Plaintiff bears the burden of showing Defendants have purposefully availed themselves of the laws of California in order to show jurisdiction exists. Plaintiff's allegations are insufficient to show such purposeful availment because she fails to show the parties' actual course of dealing. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 479 (1985); Doe v. Unocal Corp., 248 F.3d 915, 924 (9th Cir. 2001) ("[A]n individual's contract with an out-of-state party alone cannot automatically establish sufficient minimum contacts to support personal jurisdiction.") (citations omitted).

Page 4

EDCV 10-505-VAP (DTBx)
GLORIA O. RIOS, SUCCESSOR TRUSTEE OF THE RIOS FAMILY TRUST DATED SEPTEMBER 17, 1990 v NATIONAL RETAIL PROPERTIES, INC., et al.
MINUTE ORDER of April 5, 2010

claim for fraud. She does not argue that she is likely to succeed on the merits of any other claim for relief.[5]

Second, Plaintiff fails to show she is likely to suffer irreparable harm. Plaintiff cites authority for the proposition that "a foreclosure sale of one's residence constitutes 'irreparable harm' as a matter of law," (App. at 7:23–24), yet concedes that the Texas Property is not her residence, or anyone else's. (App. at 8:2.) Instead, Plaintiff argues that "the income . . . she expected to generate from the Texas Property [was] critical to her financial welfare and survival," and that "[a] foreclosure sale will result in the loss of that necessary income and cannot be replaced." (App. at 8:2–5.) Plaintiff cites no evidence that she ever received any income from the Texas Property, however, or that any such income was "critical to her financial welfare and survival." Furthermore, even if Plaintiff had submitted such evidence, she cites no authority for the proposition that a simple loss of income constitutes irreparable harm. The Supreme Court, by contrast, has recognized that "the temporary loss of income, ultimately to be recovered, does not usually constitute irreparable injury." Sampson v. Murray, 415 U.S. 61, 90 (1974). Accordingly, Plaintiff fails to show that she will be irreparably harmed by the foreclosure sale.

## IV. CONCLUSION
For the foregoing reasons, Plaintiffs' Application is DENIED.

**IT IS SO ORDERED.**

---

[5]Fraud, moreover, is not among the claims for relief set forth in the Complaint, though it appears in the caption of the Complaint.